**Maura Ester MARTINEZ–RECINOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70995.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Vicenta E. Montoya, Esq., Las Vegas, NV, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christine Pecora Luster, U.S. Department of Justice, Civil Div., Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Maura Ester Martinez–Recinos, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying her application for asylum and withholding of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Berroteran–Melendez v. INS*, 955 F.2d 1251, 1256 (9th Cir.1992), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's factual determination that Martinez–Recinos is ineligible for asylum because her application was untimely. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir.2005).

Substantial evidence supports the agency's adverse credibility finding because significant discrepancies exist between Martinez–Recinos' application and testimony. For example, Martinez–Recinos testified that guerrillas threatened her in connection with her employment and kidnapped her son. However, she did not include these central events in her application, which instead rests her claim to relief on her brother's military involvement and her protests against the government. *See Berroteran–Melendez*, 955 F.2d at 1256–57. In addition, her application states that she protested against the government, yet she testified that she protested against the guerrillas. *See id.* In the absence of credibility testimony, Martinez–Recinos failed to establish eligibility for withholding of removal. *See id.* at 1257–58.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

